FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN VANN SHOEMAKER,

Plaintiff,

v.

US GOVERNMENT, et al.,

Defendants.

No. 4:26-CV-05194-MKD

ORDER DISMISSING CASE

Plaintiff filed a Complaint on November 9, 2026. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 2. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is, among other things, frivolous. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Having reviewed Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes Plaintiff's Complaint is frivolous. Plaintiff alleges that his involuntary commitment, his

mother's death, and other harm to his family resulted from systemic medical abuse funded by the Catholic Church. ECF No. 1 at 5. He lists 100 million deaths among the alleged injuries and seeks production of medical records and $100 trillion in damages. *Id.* at 5-6. These sweeping allegations of interconnected institutional abuse and mass death are "wholly incredible" and provide no arguable factual basis for relief. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (noting a complaint is frivolous if its factual allegations are "clearly baseless," "fantastic," or "delusional"); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007) (noting that a plaintiff "may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false"). His references to HIPAA likewise provide no basis for recovery because "HIPAA itself provides no private right of action." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007).

The Court thus dismisses this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further denies leave to amend because additional factual allegations would not provide an arguable basis for the relief sought or create a private right of action under HIPAA. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff's application to proceed *in forma pauperis*, **ECF No. 2**, is **DENIED as moot.**

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE** the file.

DATED November 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE